BROOMFIELD vs. THE STATE, AND WARD vs. THE STATE.

## APPEAL from St. Louis Criminal Court.

SIMMONS, *for Appellants, insists:*

1. The Criminal Court erred in refusing the instructions asked by the defendant below.

2. The court below erred in rejectng the evidence offered by the defendant, that he had made application to the county court for a license to keep an inn and tavern, to date from the time his previous license had expired, and had, in all respects, complied with the act concerning the licensing of groceries in the city and county of St. Louis, approved Feb. 15, 1843, and that said court had refused him a license therefor.

3. The court erred in overruling the motion in arrest of judgment. The indictment is defective, for the reason that it attempts to set out the capacity or business in which the defendant was engaged, and yet does not allege that the act of selling was committed in that capacity. It is contended that it is necessary to set out the capacity of the defendant for the purpose of giving the court jurisdiction. The indictment contains two allegations; one that the defendant was a dramshop keeper, the other that he sold intoxicating liquors in quantities less than a quart. It not being alleged that he sold as a dram shop keeper, *non constat*, but he may have sold as a tavern keeper, in which case he could not be indicted at all, but is to be proceeded against in another manner.

STRINGFELLOW, *Attorney General, for the State, insists:*

1. The act regulating dram shops in the county of St. Louis requires that the applicant shall have been a resident of the State for two years, and of the county one year before his application, and also that a majority of the householders of the township in the country, or the block in the city, should petition for his license. It is insisted that the county court are alone vested with the power to determine whether these provisions have been complied with, and that their decision is final.

If the party have any remedy, he must have it against the county court.

A mere offer to comply with the law cannot give him the right to deal without a license. See Acts 1838-9, 1840-1, and Private Acts 1842-3, page 209; Rev. Code, 543.

2. The license from the city gives no right without a license from the county.

*Benton, garnishee of the Bank of Missouri, vs. Lindell.*

NAPTON, J., *delivered the opinion of the Court.*

In each of the above cases, the indictments are alike the one in the case of Austin vs. the State. The judgments will therefore be reversed.